Electronically Filed
Intermediate Court of Appeals
CAAP-13-0001476
26-FEB-2016
08:52 AM

NO. CAAP-13-0001476

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


MARIE MINICHINO, Plaintiff-Appellant
v.
WILLIAM MCKEON, ESQ., SHANNON S. IMLAY, ESQ.
MCKEON IMLAY MEHLING, A LIMITED LIABILITY LAW COMPANY,
PIILANI HOMEOWNERS ASSOCIATION, S & S MANAGEMENT
CONSULTANTS, LLC, BRIAN SHAMADA, BERTRAM J. SUGIMOTO,
and DOES 1-20,
Defendants-Appellees.


APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 13-1-0067(3))


SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, and Leonard and Ginoza, JJ.)

Plaintiff-Appellant Marie Minichino (Minichino), pro se, appeals from the Final Judgment entered by the Circuit Court of the Second Circuit (Circuit Court).[1]

I.

Minichino is the trustee of the Gaetano Trust, which held title to Lot #4 in the Piilani Villages Project. The Piilani Homeowners Association (Association) pursued a non-judicial foreclosure of a lien for maintenance fees and other amounts assessed against Lot #4. In response, Minichino filed a

---

[1] The Honorable Peter T. Cahill presided.

complaint against the Association, its management company, S & S Management Consultants, LLC (S&SM), and S&SM's General Manager, Bertram J. Sugimoto (collectively, Association Defendants), and the Association's lawyers, William McKeon and Shannon S. Imlay, and their law firm, McKeon Imlay Mehling, a limited liability law company (collectively, MIM Defendants).

Minichino's complaint alleged five counts: (1) Count 1: "Fraud for filing invalid and inaccurate lien against Plaintiffs [sic] property"; (2) Count 2: "Fraud for filing an invalid and inaccurate foreclosure"; (3) Count 3: "Violation of homeowners statutes by not allowing Plaintiff to be on ballet [sic] for homeowners assoc vote for board of directors"; (4) Count 4: "Pain and suffering and mental distress. Plaintiff has suffered harassment by the management and mental distress over invalid foreclosure"; (5) Count 5: "Collusion amoung [sic] the parties, Defendants have work ed [sic] in conjunction in an attempt to illegally steal Plaintiff's home."[2/] Minichino's complaint sought an award of two million dollars in damages for the claims alleged in her complaint.

The Circuit Court granted (1) the MIM Defendants' motion to dismiss the complaint, (2) the Association Defendants' motion for summary judgment on the complaint, and (3) motions for an order to declare Minichino a vexatious litigant filed by both the MIM Defendants and the Association Defendants. The Circuit Court also granted the Association Defendants' motion for the award of attorney's fees and costs. On September 27, 2013, the Circuit Court entered its Final Judgment, which dismissed the complaint against the MIM Defendants, entered judgment on the complaint in favor of the Association Defendants, declared Minichino to be a vexatious litigant under Hawaii Revised Statutes (HRS) Chapter 634J and imposed pre-filing restrictions pursuant to HRS § 634J-7 (1993), entered judgment on its award of

_____

[2/] Minichino's complaint did not contain a Count 4, and we have renumbered her Counts 5 and 6 as Counts 4 and 5, respectively. The "Brian Shamada" listed in the caption of Minichino's complaint was apparently never identified.

attorney's fees and costs in favor of the Association Defendants, and awarded post-judgment interest.

## II.

Minichino's opening brief does not comply with the requirements of Hawai'i Rules of Appellate Procedure Rule 28 (2010). To the extent that her arguments can be discerned, Minichino appears to contend that: (1) the presiding judge should have *sua sponte* recused himself; (2) the Circuit Court erred in denying Minichino's request for a continuance of the hearing on the MIM Defendants' motion to dismiss; (3) the Circuit Court erred in granting the MIM Defendants' motion to dismiss and the Association Defendants' motion for summary judgment; and (4) the Circuit Court erred in declaring that Minichino was a vexatious litigant and imposing pre-filing restrictions. We affirm.[3]

## III.

We address the discernible arguments raised by Minichino on appeal as follows:

1. Minichino suggests that the presiding judge improperly "made reference to the Plaintiff's reputation" and engaged in "prejudicial behavior" and therefore should have *sua sponte* recused himself. Contrary to Minichino's suggestion, our review of the record does not reveal any improper reference made by the presiding judge to Minichino's reputation or any prejudicial behavior by the presiding judge. We conclude that there is no merit to Minichino's contention that the presiding judge erred in failing to *sua sponte* recuse himself.

2. The Circuit Court did not abuse its discretion in denying Minichino's belated request to continue the hearing on the MIM Defendants' motion to dismiss, which Minichino claimed was sought to enable her to obtain counsel. The Circuit Court denied the request for a continuance, noting that Minichino was the party who had filed suit, that she had ample opportunity to

_____

[3] Minichino does not challenge the Circuit Court's award of attorney's fees and costs or its award of post-judgment interest. We therefore do not address those aspects of the Circuit Court's Judgment.

3

obtain counsel, and that the circumstances surrounding Minichino's filing of the continuance motion showed that the motion was not made in good faith and was a delaying tactic. Based on the reasons provided by the Circuit Court and the record, we conclude that the Circuit Court did not abuse its discretion in denying Minichino's motion to continue the hearing. See Kam Fui Trust v. Brandhorst, 77 Hawaiʻi 320, 324, 884 P.2d 383, 387 (App. 1994) (applying abuse of discretion standard to trial court's denial of a motion for continuance).

3. Although Minichino appears to challenge the Circuit Court's decisions to grant the MIM Defendants' motion to dismiss and the Association Defendants' motion for summary judgment, she provides no basis for this court to conclude that the Circuit Court erred in rendering these decisions.[4] Accordingly, we reject Minichino's challenge to these decisions.

4. Minichino asserts that "attempting to brand [her] a Vexatious Litigant is a violation of the civil Liberties and rights of due process according [sic] to any American Citizen and as well Any pro se litigant." We construe Minichino's assertion as a challenge to the Circuit Court's declaration that she was a vexatious litigant under HRS Chapter 634J as well as a due process challenge to the pre-filing restrictions imposed by the Circuit Court pursuant to HRS § 634J-7.

We reject Minichino's challenge to the Circuit Court's declaring her to be a vexatious litigant. HRS § 634J-1 (1993) defines a "vexatious litigant," in pertinent part, to include a plaintiff who does any of the following:

> (1) In the immediately preceding seven-year period has commenced, prosecuted, or maintained in propria persona at least five civil actions other than in a small claims court that have been:
>
> > (A) Finally determined adversely to the plaintiff;
> >    . . .

---

[4] With respect to the Association Defendants' motion for summary judgment, Minichino failed to include a transcript of the hearing on that motion as part of the record on appeal.

4

. . .

> (3)     In any litigation while acting in propria persona,
> files, in bad faith, unmeritorious motions, pleadings,
> or other papers, conducts unnecessary discovery, or
> engages in other tactics that are frivolous or solely
> intended to cause unnecessary delay[.]

The Circuit Court found that of the twenty-five cases in which Minichino was a plaintiff in *propria persona* within the last seven years, at least five resulted in a final judgment adverse to Minichino. The Circuit Court also found that in this case, Minichino, "while acting in *propria persona*, has filed, in bad faith, unmeritorious motions, pleadings, or other papers, and has engaged in conduct and other tactics that are frivolous or solely intended to cause unnecessary delay to this litigation." Minichino has not shown that these findings are clearly erroneous. We conclude that the Circuit Court did not abuse its discretion in declaring Minichino to be a vexatious litigant pursuant to HRS Chapter 634J. Ek v. Boggs, 102 Hawai'i 289, 294-95, 75 P.3d 1180, 1185-86 (2003) (applying abuse of discretion standard to trial court's determination that plaintiff was a vexatious litigant).

We also reject Minichino's due process challenge to the pre-filing restrictions imposed by the Circuit Court. Pursuant to HRS § 634J-7, the Circuit Court imposed pre-filing restrictions which prohibited Minichino "from filing any new litigation in the courts of the State of Hawai'i on her own behalf without first obtaining leave of the presiding judge of the court where the litigation is proposed to be filed." The Hawai'i Supreme Court has previously rejected a due process challenge to pre-filing restrictions imposed pursuant to HRS § 634J-7. See Ek, 102 Hawai'i at 297-98, 75 P.3d at 1188-89. In Ek, the supreme court held:

> [A] prefiling order does not violate due process rights
> because it does not deny the vexatious litigant access to
> the courts, but operates solely to preclude the initiation
> of meritless lawsuits and their attendant expenditures of
> time and costs. Preventing the filing of a frivolous and
> vexatious document deprives a litigant of nothing at all,

> except perhaps the punishment of Hawaiʻi Rules of Civil
> Procedure Rule 11 sanctions. Thus, it does not appear that
> Ek's due process rights are impacted in this case or in
> future cases, as he is only restrained from bringing
> unmeritorious litigation, which could be restricted in any
> event.

Ek, 102 Hawaiʻi at 298, 75 P.3d at 1189 (internal quotation marks, citations, brackets, and footnote omitted). In accordance with Ek, Minichino's due process challenge fails.

IV.

For the foregoing reasons, we affirm the Circuit Court's Final Judgment.

DATED: February 26, 2016, at Honolulu, Hawaiʻi.

On the briefs:

Marie Minichino
Defendant-Appellant Pro Se

Jeffrey S. Portnoy
John P. Duchemin
(Cades Schutte LLLP)
for Defendants-Appellees
William McKeon, Esq., Shannon S.
Imlay, Esq. and McKeon Imlay
Mehling, LLLC

Matt A. Tsukazaki
(Li & Tsukazaki, AAL, LLLC)
for Defendants-Appellees
Piilani Homeowners Association,
S&S Management Consultants, LLC,
and Bertram J. Sugimoto

Craig H. Nakamura
Chief Judge

Associate Judge

Associate Judge